**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

James Ellexander Mitchell,
Plaintiff,
v.
State of Arizona,
Defendant.

No. CV-26-00251-TUC-JGZ

**ORDER**

Plaintiff James Ellexander Mitchell filed this action against the State of Arizona and the Arizona Department of Economic Security ("DES") on May 18, 2026, asserting claims arising from his employment with DES. (Doc. 1.) DES was dismissed from the action pursuant to the parties' stipulation, leaving the State of Arizona as the sole Defendant. (*See* Doc. 14.) Plaintiff alleges that DES discriminated against him based on disability, race, and sex, failed to accommodate his disabilities, subjected him to a hostile work environment, retaliated against him for protected activity, and interfered with his employment opportunities. Plaintiff brings claims under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), Title VII of the Civil Rights Act of 1964, and the Arizona Civil Rights Act ("ACRA").

Pending before the Court is Defendant State of Arizona's Partial Motion to Dismiss. (Doc. 15.) Defendant seeks dismissal of Plaintiff's ACRA claims, claims for monetary damages under Title I of the ADA, request for punitive damages, and any state law tort

claims arising from paragraph 149 of the Complaint. (*See* Doc. 15.) Plaintiff opposes dismissal of the ACRA claims; he states that paragraph 149 does not plead a separate state law tort claim. (Doc. 16 at 7–11.) Plaintiff does not oppose dismissal of his claims for monetary damages under Title I of the ADA or his request for punitive damages. Defendant argues that the ACRA claims should be dismissed under Rule 12(b)(6) because Plaintiff failed to comply with A.R.S. § 12-821.01(A) before filing suit. The Motion is fully briefed. (*See* Docs. 16, 17.) For the following reasons, the Court will grant the Motion in part and deny it in part.

## I. BACKGROUND

Plaintiff's ACRA claims were subject to two conditions precedent to suit: administrative exhaustion of the discrimination charges, culminating in a right-to-sue notice, and service of a notice of claim on the State under A.R.S. § 12-821.01(A), which applies because the Defendant is a public entity. Only the notice of claim requirement is disputed. The facts relevant to determining whether Plaintiff complied with the notice of claim requirements follow.

The EEOC issued right-to-sue notices on Plaintiff's charges on February 25, 2026. (Doc. 15-6 at 5-13.)

On May 6, 2026, Plaintiff mailed Defendant a Notice of Claim ("First Notice of Claim"). (Doc. 15-5.) That notice concerned alleged *post*-employment interference with Plaintiff's professional references and future employment opportunities. (*Id.*)

Plaintiff filed his Complaint in this action twelve days later, on May 18, 2026. (Doc. 1.)

On June 23, 2026, thirty-six days after filing suit, Plaintiff mailed Defendant a second notice of claim ("Second Notice of Claim"); that notice addressed Plaintiff's workplace discrimination, retaliation, hostile work environment, and failure-to-accommodate allegations and several tort claims related to his employment. (Doc. 15-6.)

## II. LEGAL STANDARD

Dismissal of a complaint, or any claim within it, for failure to state a claim under

Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

A complaint may be dismissed under Rule 12(b)(6) where an affirmative defense is apparent from the face of the complaint and from materials the court may properly consider. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). In deciding such a motion, the Court may consider documents whose authenticity is not contested and on which the complaint necessarily relies, without converting the motion into one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Court may also take judicial notice of matters of public record and of undisputed facts capable of accurate and ready determination. Fed. R. Evid. 201(b).

## III. DISCUSSION

### a. ACRA Claims

A.R.S. § 12-821.01(A) requires that "[p]ersons who have claims against a public entity . . . or a public employee shall file claims with the person or persons authorized to accept service for the public entity, . . . within one hundred eighty days after the cause of action accrues. . . . Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon." A.R.S. § 12-821.01(A). The State of Arizona is a "public entity" under the statute. A.R.S. § 12-820(7). The notice of claim requirement applies to ACRA claims. A.R.S. § 12-821.01(F) & (G) (stating notice of claim statute applies "to all causes of action that accrue on or after July 17, 1994," except a "claim for just compensation pursuant to chapter 8, article 2.1 of this title.") Therefore, before Plaintiff could sue Arizona for violations of the ACRA, Plaintiff was required to comply with § 12-821.01 by filing notice of his ACRA claims with the

State. Compliance with § 12-821.01 is not jurisdictional; noncompliance is an affirmative defense, which the State has raised here. *See City of Phoenix v. Fields*, 219 Ariz. 568, 201 P.3d 529, 535 (2009); *Pritchard v. State*, 163 Ariz. 427, 433 (1990).

Neither of Plaintiff's notices of claim[1] satisfies § 12-821.01 as to the ACRA claims asserted in this action. Plaintiff's First Notice of Claim, filed on May 6, 2026, does not assert the workplace-based ACRA claims alleged in Counts I through IV. (*See* Doc. 15-5.) The notice states that it concerns "discrete post-employment acts" involving reference-stage interference and future employment opportunities, and that Plaintiff's prior protected EEO activity is included "only as background evidence of motive, intent, and context." (*Id.* at 4.) The Second Notice, filed on June 23, 2026, does encompass the workplace-based ACRA allegations, (*see* Doc. 15-6 at 3, 14), but it was filed after this action was commenced and therefore cannot satisfy the statute's pre-suit notice requirement. *See Donovan v. Yavapai Cnty. Cmty. Coll. Dist.*, 423 P.3d 403, 405 (Ct. App. 2018) ("[a] notice of claim that satisfies A.R.S. § 12-821.01 is a necessary prerequisite to filing a lawsuit against a public entity."); *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ct. App. 2007) ("[c]ompliance with the notice provision of § 12-821.01(A) is a mandatory and essential prerequisite to such an action").

Plaintiff's opposition rests on two propositions: that § 12-821.01(C) delayed accrual of his ACRA claims until the EEOC completed its administrative process, leaving the 180-day period open when the Second Notice was filed; and that nothing in § 12-821.01 renders a notice ineffective merely because it is filed after the complaint. (Doc. 16 at 2, 7–8.) The second proposition is incorrect and it is dispositive; the structure of the statute does not support Plaintiff's reading. Section 12-821.01(E) provides that a claim "is deemed denied sixty days after the filing of the claim unless the claimant is advised of the denial in writing before the expiration of sixty days." A.R.S. § 12-821.01(E). The notice of claim

[1] Plaintiff does not dispute the authenticity or contents of either notice of claim. The First Notice is properly considered under the incorporation-by-reference doctrine. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Second Notice, served after the Complaint was filed, is properly before the Court because Plaintiff relies on it and asks the Court to find it timely. (Doc. 16 at 8, 12.)

requirement serves to "allow the public entity to investigate and assess liability, . . . permit the possibility of settlement prior to litigation, and . . . assist the public entity in financial planning and budgeting." *Deer Valley Unified Sch. Dist. No. 97 v. Houser,* 214 Ariz. 293, 152 P.3d 490, 492 (2007). A notice filed after suit has commenced cannot serve those pre-suit purposes because the public entity is already defending the action.

Plaintiff's first proposition does not change the result, because the defect in the Second Notice is not when Plaintiff's claims accrued but when Plaintiff filed the notice. The Court assumes without deciding that § 12-821.01(C) delayed accrual of Plaintiff's ACRA claims until the EEOC issued right-to-sue notices on February 25, 2026. *See Stokka v. Scottsdale Unified Sch. Dist.*, No. CV-24-01903-PHX-DJH, 2025 WL 641195, at *5–6 (D. Ariz. Feb. 27, 2025) ("Plaintiff was not required to file her Notice of Claim with Defendant until after the ACRD/EEOC issued its final decision."). Even on that assumption, Plaintiff was required to file a notice covering his ACRA claims *before* filing suit, and he did not. An open 180-day period establishes only that a notice would have been timely; it does not excuse the failure to file one before suit.

Plaintiff's reliance on authority permitting amendment or replacement of a deficient notice is misplaced. (Doc. 16 at 9-10.) Although *Haab v. Cnty. of Maricopa*, 219 Ariz. 9 (Ct. App. 2008), and *Turner v. City of Flagstaff*, 226 Ariz. 341 (Ct. App. 2011), *as corrected* (Mar. 3, 2011), recognize that a claimant may amend or replace a deficient notice within the statutory period, neither addresses—much less approves—a notice filed after suit has commenced. Both concern the timing of a notice within the 180 days, not its sequence relative to the complaint.

Nor does the First Notice's reference to Plaintiff's prior EEO activity preserve the ACRA claims. The First Notice expressly limits that activity to background evidence and identifies the alleged wrongful conduct as post-employment reference interference. Neither actual notice nor substantial compliance excuses failure to comply with § 12-821.01. *See Falcon ex rel. Sandoval v. Maricopa Cnty.*, 213 Ariz. 525, 527, 144 P.3d 1254, 1256 (2006).

Accordingly, the Court concludes Plaintiff did not satisfy the notice of claim requirement with respect to his ACRA claims. His ACRA claims in Counts I through IV must be dismissed.

**b. Remaining Issues**

Defendant seeks dismissal of Plaintiff's claims for monetary damages under Title I of the ADA, his request for punitive damages, and any state law tort claims arising from paragraph 149 of the Complaint. (Doc. 15 at 8–12.)

Plaintiff does not oppose dismissal of his claims for monetary damages under Title I of the ADA or his request for punitive damages. (Doc. 16 at 10.) Further, he states that paragraph 149 is part of his request for damages and does not plead a separate tort cause of action. (Doc. 16 at 11.)

Therefore, the Court will dismiss Plaintiff's claims for monetary damages under Title I of the ADA and his request for punitive damages. Because the Complaint does not plead an independent state law tort claim, Defendant's request to dismiss state law claims referenced in paragraph 149 of the Complaint will be denied as moot.

In light of the foregoing, **IT IS ORDERED**:

1. Defendant's Partial Motion to Dismiss (Doc. 15) is **granted in part and denied in part**.
2. Plaintiff's ACRA claims in Counts I through IV are **dismissed**.
3. Plaintiff's claims for monetary damages under Title I of the ADA and his request for punitive damages are **dismissed**. The dismissal of Plaintiff's ADA claims is limited to his claim for money damages under Title I. Plaintiff's claims under § 504 of the Rehabilitation Act, Title VII, and for prospective injunctive or equitable relief remain pending.

//

//

//

//

4. Defendant's request to dismiss state law tort claims arising from paragraph 149 of the Complaint is **denied as moot.**

Dated this 9th day of September, 2026.

Jennifer G. Zipps
Chief United States District Judge